IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

**DELORIS SMITH,**

    **Plaintiff,**

v.                                           **Civil Action No.:** 3:22-cv-00010
                                                **Judge** _____

**HOME DEPOT U.S.A., INC**.

    **Defendant.**

## COMPLAINT

Plaintiff, Deloris Smith, by counsel, states and alleges as follows for her Complaint against Defendant Home Depot U.S.A., Inc.

### PARTIES

1. Deloris Smith was, at all relevant times herein, a citizen and resident of Putnam County, West Virginia.

2. Home Depot, is a Delaware corporation with its principal place of business in Fulton County, Georgia.

3. Home Depot, at all relevant times herein, did business in Putnam County, West Virginia.

### JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331 because of federal questions, and under 28 U.S.C. § 1331(a) because the amount in controversy exceeds $75,000 and there is complete diversity of citizenship between Plaintiff and Defendant.

5. This Court has personal jurisdiction over this matter because Defendant conducts business all over the Southern District of West Virginia.

6. Venue is proper in this court under 28 U.S.C. § 1391(b) because the events or omissions giving rise to this claim occurred in the Southern District of West Virginia.

## FACTUAL BACKGROUND

7. Defendant employed Plaintiff from October 15, 2015, to April 30, 2021, as an appliance sales specialist.

8. Throughout Plaintiff's five and a half years at Home Depot, she received numerous accolades awarded for exceptional performance in her role.

9. Plaintiff suffered back issues during her time working for Defendant, which included a bulging disc.

10. By April of 2019 Plaintiff's injury was causing severe daily pain and caused Plaintiff to go on and off FMLA between April of 2019 and her termination in April of 2021.

11. During morning meetings, managing employees would make comments regarding the leave Plaintiff was taking.

12. Due to Plaintiff's debilitating back injury, Plaintiff was granted leave pursuant to the Family Medical Leave Act from April 22, 2021, to June 22, 2021.

13. Defendant disciplined Plaintiff for unexcused absences on 4/23/21, 4/25/21, 4/28/21, and 4/29/21.

14. Defendant subsequently terminated Plaintiff for these absences on April 30, 2021.

15. Plaintiff was on FMLA during the above absences which Defendant claimed were unexcused.

16. The Defendant terminated the Plaintiff while she was on leave pursuant to the FMLA.

## COUNT I—FMLA RETALIATION

17. Plaintiff incorporates the preceding paragraphs herein by reference.

18. Defendant fired Plaintiff for exercising, or attempting to exercise, her right to FMLA leave in violation of 29 U.S.C. § 2615(a)(2).

## COUNT II—INTERFERENCE WITH RIGHTS UNDER THE FAMILY AND MEDICAL LEAVE ACT

19. Plaintiff was entitled to rights under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, including medical leave, due to her medical condition.

20. Defendant had notice that Plaintiff needed to take leave for a FMLA-qualifying reason.

21. While Defendant designated Plaintiff's leave as falling under the FMLA, Defendant continued to discipline her while on leave.

22. Defendant otherwise failed to discharge their obligations under the FMLA and the FMLA's implementing regulations, 29 C.F.R. 825.300(e).

23. Defendant interfered with Plaintiff's rights under the FMLA.

24. Defendant's interference with Plaintiff's rights under the FMLA resulted in her termination of employment.

## COUNT III—DISABILITY DISCRIMINATION

25. Plaintiff incorporates the preceding paragraphs herein by reference.

26. Defendant fired Plaintiff because of a disability, or because of a disability perceived by the employer in violation of the West Virginia Human Rights Act.

## COUNT IV—WRONGFUL DISCHARGE IN CONTRAVENTION OF SUBSTANTIAL PUBLIC POLICY OF THE STATE OF WEST VIRGINIA

27. Plaintiff incorporates the preceding paragraphs by reference.

28. Defendant's firing of Plaintiff was in contravention of the substantial public policies of the State of West Virginia under *Harless v. First National Bank*, 246 S.E.2d 270 (W. Va. 1978), and its progeny.

29. The FMLA, and the rights granted thereunder, is substantial public policy of the State of West Virginia. *Burke v. Wetzel Cty. Comm'n*, 815 S.E.2d 520 (W. Va. 2018).

30. Defendant denied Plaintiff her rights under the FMLA in contravention of the substantial public policy of the State of West Virginia.

WHEREFORE, Plaintiff requests judgment against the Defendant as follows:

    a. Compensatory damages, including lost wages and benefits;

    b. Front pay;

    c. Emotional distress damages;

    d. Punitive damages;

  e. Attorney fees and costs;

  f. Prejudgment interest on all amounts claimed; and

  g. Such further relief as the Court may find appropriate.

**PLAINTIFF DEMANDS A JURY TRIAL.**


           **DELORIS SMITH,**
           **Plaintiff,**

           **By Counsel**


*/s/ Richard W. Walters*
Richard W. Walters (WVSB #6809)
rwalters@shafferlaw.net
Ryan W. Walters (WVSB #14113)
ryanwalters@shafferlaw.net
SHAFFER & SHAFFER, PLLC
P.O. Box 3973
Charleston, West Virginia 25339
Telephone (304) 344-8716